IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RUEL NIETO, ) | |
| ) | |
| Plaintiff, ) | Case No. 17 C 8507 |
| ) | |
| v. ) | |
| ) | Judge John Robert Blakey |
| MRS ASSOCIATES, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff Ruel Nieto sued Defendant MRS Associates for violating the Fair Debt Collection Practices Act (FDCPA). Defendant moved to dismiss her complaint under Federal Rule of Civil Procedure 12(b)96) for failure to state a claim. For the reasons explained below, the motion is denied.

A.  The Complaint's Allegations

Plaintiff's complaint alleges that she incurred a debt with Chase Bank and was unable to pay it; Chase retained Defendant, a debt collector, to secure payment on the debt. Complaint [1] at ¶¶ 11-13. Defendant sent Plaintiff two letters regarding the alleged debt. The first, sent January 6, 2017, "conveyed information regarding the alleged debt, including the identity of the creditor, an account number, and an amount due" and "provided several required disclosures to Plaintiff with respect to her rights under § 1692g(a) of the FDCPA, including the right to dispute the alleged debt within thirty days of the receipt of the letter." *Id*. at ¶¶ 15,

18. The second letter, sent February 1, 2017, similarly "conveyed information regarding the alleged debt, including the identity of the creditor, an account number, and an amount due." *Id.* at ¶ 20. It also stated that the balance due was $3,478.40 and "provided Plaintiff with three settlement options" to enable Plaintiff "to avoid further collection activity being taken against" her:

> Option 1: You only pay $1,982.70 in ONE PAYMENT that must be received in this office on or before 02/15/2017.
>
> Option 2: You make TWO PAYMENTS of $1,252.23 each. The first payment must be received by this office on or before 02/15/2017 and the second payment on or before 03/16/2017.
>
> Option 3: A monthly payment plan on the full balance of the account.

*Id.* at ¶ 23. Plaintiff alleges that this second letter overshadowed the first letter's disclosure of Plaintiff's rights to dispute the validity of the debt or to request verification within the thirty day validation period, in violation of 15 U.S.C. § 1692g(b). *Id.* at ¶ 36. The second letter made Plaintiff believe she no longer had the required thirty-day window to dispute the alleged debt. *Id.*

B. Discussion & Analysis

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits. *Gibson v. Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide "enough factual information to 'state a claim to relief that is plausible on its face' and 'raise a right to relief above the speculative level.'" *Doe v. Vill. of Arlington Heights*, 782 F.3d 911, 914 (7th Cir. 2015) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). A claim has "facial plausibility

2

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When analyzing a motion under Rule 12(b)(6), this Court must construe the allegations of the complaint in the light most favorable to Plaintiff, accepting as true all well-pleaded facts and drawing all reasonable inferences in his favor. *E.g., Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013) (citing Fed. R. Civ. P. 12(b)(6); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). This Court does not, however, accept a complaint's legal conclusions as true. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

Under Section 1692g, a debt collector's letter to a debtor must contain:

> (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a). Section 1692g also dictates that "[a]ny collection activities and communication during the 30–day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b).

3

Plaintiff does not dispute that Defendant's first letter complies with § 1692g(a), and a review of the letter, attached as an exhibit to the complaint, confirms that it includes all required disclosures. *See* [1-1] (providing the amount of the debt, the name of the creditor, and a statement of "Important Consumer Information" including the language required under § 1692g(a)). Plaintiff alleges, however, that Defendant's second letter runs afoul of § 1692g(b). More specifically, she alleges that the second letter made her think she no longer had the thirty days promised in the first letter in which to challenge the debt. [1] at ¶ 36.

When determining whether a debt collection letter complies with the FDCPA, courts apply the "unsophisticated consumer" standard. *Zemeckis v. Glob. Credit & Collection Corp.*, 679 F.3d 632, 635 (7th Cir. 2012). That is, the letter "must be clear and comprehensible to an individual who is 'uninformed, naïve, [and] trusting,' but not without a rudimentary knowledge about the financial world or incapable of making basic deductions and inferences." *Id.* (quoting *Veach v. Sheeks*, 316 F.3d 690, 693 (7th Cir. 2003); *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645 (7th Cir. 2009)).

Plaintiff alleges that Defendant mailed the first letter to her on January 6, 2017. Plaintiff does not say when she received the letter. The second letter, dated February 1, 2017, included two settlement options that required payment to be received in Defendant's office "on or before February 15, 2017." Thus, even if Plaintiff received the first letter the same day Defendant sent it, the second letter could conceivably have required her to make a payment within the 30-day period.

4

That is, for a payment to be received in Defendant's office "on or before February 15, 2017," one might reasonably suppose some action was required before February 6, 2017. Under these circumstances, an unsophisticated consumer could reasonably have been confused about whether the payment options in the February 1 letter (the second letter) overshadowed her right (promised in the first letter) to dispute the debt during the full 30−day period.

Defendant argues that none of the settlement options described in the second letter required Plaintiff to make a payment (or take any other action) prior to the expiration of the validation period. Reply [26] at 4. But Defendant fails to explain the basis of such a conclusion. And the pleadings on file do not allow the Court to determine when Plaintiff received the first letter or when the 30−day clock started ticking. *See, e.g., Riley v. Portfolio Recovery Assocs., LLC*, No. 14 C 9819, 2015 WL 1594298, at *2 (N.D. Ill. Apr. 7, 2015) (the 30–day clock starts upon a consumer's "receipt" of the debt notice, not upon the debt collector's mailing of the collection notice). Plaintiff has pled sufficient facts supporting a reasonable inference that Defendant's second letter overshadowed the rights articulated in the first letter.

C.   Conclusion

For the reasons explained above, the Court finds that Plaintiff's allegations state a claim for violation of 15 U.S.C. § 1692g(b), and the Court, accordingly, denies Defendant's motion to dismiss [12].

Dated: April 20, 2018

                                    ENTERED:

                                    John Robert Blakey
                                    United States District Judge