UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RUEL NIETO,<br><br>    Plaintiff,<br><br>    v.<br><br>MRS ASSOCIATES d/b/a MRS BPO, LLC,<br><br>    Defendant. | Case No. 17-cv-8507<br><br>Judge John Robert Blakey |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ruel Nieto incurred a debt for goods and services through Chase Bank (Chase) but could not pay it. Chase subsequently retained Defendant MRS BPO LLC (MRS) to collect the debt after it went into default. Plaintiff alleges that Defendant sent him a collection letter that violated the Fair Debt Collection Practices Act, 12 U.S.C. § 1692, *et seq*. (FDCPA). [1]. The parties cross-move for summary judgment on Plaintiff's claim. [47] [53]. For the reasons explained below, this Court grants Defendant's motion and denies Plaintiff's motion.

I.   **Background**

The following facts come from Defendant's Local Rule 56.1 statement of material facts [49], and Plaintiff's Local Rule 56.1 statement of facts [55].

A.   **Facts**

Plaintiff incurred a debt to Chase. [55] ¶¶ 1, 6. Chase retained Defendant, a debt collection agency, to collect the debt. [49] ¶¶ 2, 5.

1

Defendant sent Plaintiff two letters regarding the debt. *Id.* ¶ 6. The first letter, dated January 6, 2017 (first letter), informed Plaintiff that Chase had placed Plaintiff's account with Defendant for collection. *Id.* ¶ 7; [49-2]. The first letter also contained disclosures required by 15 U.S.C. § 1692g(a), including notice that Defendant would provide verification of the debt, or the name of the original creditor, if Plaintiff disputed the debt or requested the name of the creditor in writing within 30 days of receiving the first letter. *Id.*

Defendant sent Plaintiff another letter, dated February 1, 2017 (second letter), which provided, in pertinent part:

> Dear RUEL NIETO,
>
> We recognize that a possible hardship or pitfall may have prevented you from satisfying your obligation. We are presenting three options that will enable you to avoid further collection activity being taken against you. We are not obligated to renew this offer.
>
> <u>Option 1</u>: You pay only $1,982.70 in ONE PAYMENT that must be received in this office on or before 02/15/2017.
>
> <u>Option 2</u>: You make TWO PAYMENTS of $1,252.23 each. The first payment must be received in this office on or before 02/15/2017 and the second on or before 03/16/2017.
>
> <u>Option 3</u>: A monthly payment plan on the full balance of the account.

[49] ¶ 9; [49-3]. The second letter also informed Plaintiff that he could contact MRS if he had any questions or wished to discuss other arrangements for paying the debt. [49] ¶ 10; [49-3]. Plaintiff failed to respond to either letter. [49] ¶ 11.

## II. Legal Standard

Summary judgment is proper where there is "no dispute as to any material fact

2

and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In determining whether a genuine issue of material fact exists, this Court must construe all facts and reasonable inferences in the light most favorable to the non-moving party. *See CTL ex rel. Trebatoski v. Ashland Sch. Dist.*, 743 F.3d 524, 528 (7th Cir. 2014). The non-moving party has the burden of identifying the evidence creating an issue of fact. *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008). To satisfy that burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Thus, a mere "scintilla of evidence" supporting the non-movant's position does not suffice; "there must be evidence on which the jury could reasonably find" for the non-moving party. *Anderson*, 477 U.S. at 252.

Cross-motions for summary judgment "do not waive the right to trial;" rather, this Court "treats the motions separately in determining whether judgment should be entered in accordance with Rule 56." *Marcatante v. City of Chicago, Ill.*, 657 F.3d 433, 438–39 (7th Cir. 2011).

### III. Analysis

#### A. FDCPA Requirements

Under Section 1692g, a debt collector's letter to a debtor must contain a notice of certain rights afforded to a debtor under the FDCPA, including:

> (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

Section 1692g also dictates that any "collection activities and communication during the 30–day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b). This 30–day period is commonly called the "validation period," and the aforementioned notice, a "validation notice." *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 412 (7th Cir. 2005).

A validation period is not a grace period; thus, "a debt collector is perfectly free to demand payment and pursue collection efforts . . . within the validation period." *Durkin*, 406 F.3d at 416 (internal quotation marks omitted). But, an "unexplained demand for payment within the thirty-day validation period creates confusion by

4

contradicting, and thus rendering ineffective, the validation notice." *Olson v. Risk Mgmt. Alternatives, Inc.*, 366 F.3d 509, 512 (7th Cir. 2004).

When determining whether a debt collection letter complies with the FDCPA, courts apply the "unsophisticated consumer" standard. *Zemeckis v. Glob. Credit & Collection Corp.*, 679 F.3d 632, 635 (7th Cir. 2012). That is, the letter "must be clear and comprehensible to an individual who is 'uninformed, naïve, [and] trusting,' but not without a rudimentary knowledge about the financial world or incapable of making basic deductions and inferences." *Id.* (quoting *Veach v. Sheeks*, 316 F.3d 690, 693 (7th Cir. 2003)).

**B. Defendant's Second Letter Complies With Section 1692g(b)**

Here, Plaintiff does not dispute that Defendant's first letter contains a validation notice that comports with the requirements in Section 1692g(a). *See* [53]. Plaintiff argues, however, that the second letter contravenes Section 1692g(b) because an unsophisticated consumer could construe it as an unexpected demand for payment, thus overshadowing the disclosures in the first letter's validation notice. [53] at 10–13.

Plaintiff primarily relies upon *Bartlett v. Heibl*, in which the Seventh Circuit held that demanding payment within a specific amount of time that is contrary to the 30-day validation period constitutes an FDCPA violation. 128 F.3d 497, 500–01 (7th Cir. 1997); *see* [53] at 8–9. The letter in *Bartlett* contained a validation notice *and* threatened the debtor that "if you wish to resolve this matter before legal action is commenced, you *must do* one of two things within one week of the date of this letter:"

5

either pay the debt or contact the creditor to arrange payments for the debt. *Id.* at 499 (emphasis added). The Seventh Circuit found that "the juxtaposition of the one-week and thirty-day crucial periods [turned] the required disclosure into legal gibberish," thus violating the FDCPA. *Id.* at 501.

This Court finds that the second letter is distinguishable from the letter in *Bartlett* in two crucial ways. First, unlike in *Bartlett*, there is no "demand" for payment anywhere in the second letter; the second letter neither states that Plaintiff "must" take action, nor threatens legal action if Plaintiff does not take action. [49-3]. Second, the letter in *Bartlett* contained both the 30-day validation notice *and* a threat that the debtor would be sued if he did not take action within 1 week. *Bartlett*, 128 F.3d at 499. The second letter here, in contrast, merely conveys three settlement options, without mentioning or referencing the 30-day validation notice contained in the first letter. [49-3]. Thus, there is simply no "juxtaposition of the one-week and thirty-day crucial periods" that the Seventh Circuit cautioned against in *Bartlett*. 128 F.3d at 501.

In contrast to the violative letter in *Bartlett*, a collection letter that merely conveys that the "consumer has the option of paying the amount due, paying the total balance, or doing neither and contesting the debt" does not contradict or overshadow the validation notice. *Olson v. Risk Mgmt. Alternatives, Inc.*, 366 F.3d 509, 512–13 (7th Cir. 2004). The second letter here falls under this rubric: it provides three payment plan options that Plaintiff could have taken to discharge his debt, as well as the option to contact Defendant if he wished to explore alternative payment

6

arrangements. [49-3]. Plaintiff could have paid the amount due, paid the total balance, or contested the debt. *See id.*; *Olson*, 366 F.3d at 512–13.

This Court thus finds as a matter of law that the second letter could not lead an unsophisticated consumer to construe it as an unexpected demand for payment that overshadows the validation notice. As such, this Court grants summary judgment to Defendant on Plaintiff's Section 1692g(b) claim, and denies Plaintiff's cross-motion.

## IV. Conclusion

This Court grants Defendant's motion for summary judgment [47] and denies Plaintiff's motion for summary judgment [53]. Judgment is entered in favor of Defendant and against Plaintiff on Plaintiff's complaint [1]. All dates and deadlines are stricken. Civil case terminated.

Dated: November 9, 2018

Entered:

_____
John Robert Blakey
United States District Judge